[Cite as *Spehar v. Opportunities for Ohioans with Disabilities*, 2020-Ohio-4901.]

| | |
|---|---|
| JAMES SPEHAR | Case No. 2019-01186PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> |
| OPPORTUNITIES FOR OHIOANS WITH DISABILITIES | |
| Respondent | |

{¶1} Requester James Spehar and respondent Opportunities For Ohioans With Disabilities (OOD) separately object to a special master's report and recommendation (R&R) issued on June 30, 2020. The court overrules Spehar's, sustains OOD's objections, and modifies the R&R.

## I. Background

{¶2} On December 24, 2019, pursuant to R.C. 2743.75(D), Spehar brought a civil lawsuit against OOD wherein he alleged a denial of access to public records.[1] The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, OOD filed a combined response to the complaint and motion to dismiss. On June 30, 2020, the special master issued a R&R wherein the special master stated:

> Upon consideration of the pleadings, attachments, and affidavits filed in this case, I recommend the court find that requester's claims for production of records have been rendered moot by production subsequent

---

[1] Opportunities For Ohioans With Disabilities (OOD) denied Spehar's public-records request because, among other things, OOD understood Spehar's request to be for materials submitted in a proceeding that was pending before the Ohio Civil Rights Commission and OOD maintained that an exception to disclosure applied under the Ohio Public Records Act. (Affidavit of Matthew J. Lampke, OOD's Chief Legal Counsel in the Division of Legal Services.). *See* R.C. 149.43(A)(1)(g) and (A)(4) (a public record does not include a "trial preparation record").

to the filing of the complaint, and by requester's demonstrated possession of a copy of the September 24, 2019 Position Statement. In the event the court finds that the claim for production is not moot, I recommend in the alternative the court find that the attorney work product privilege does not apply to any of the withheld records, but that the statutory trial preparation exception applies to the records specifically identified above. I further recommend the court find that respondent complied with its duty to provide requester with an explanation for its denial, and that respondent had no enforceable duty to comply with provisions of its office public records policy. I recommend that court costs be assessed equally between the parties.

(R&R, 10-11.)

{¶3} On July 13, 2020, both Spehar and OOD filed written objections to the R&R. Neither party has filed a timely written response to the other parties' objections, as permitted by R.C. 2743.75(F)(2) and tolled by 2020 Am.Sub.H.B. No. 197.[2]

## II. **Law and Analysis**

{¶4} Both Spehar and OOD have failed to comply with R.C. 2743.75(F)(2)'s requirement to serve a copy of the written objections on the other party by certified mail, return receipt requested, because both Spehar and OOD served their objections by means of email.  Spehar's and OOD's objections therefore are procedurally deficient under R.C. 2743.75(F)(2).

### A. **Spehar's Objections**

---

[2] Effective March 9, 2020, the time limitations set forth in R.C. 2743.75(F)(2) were tolled due to a declared pandemic and global health emergency related to COVID-19.  2020 Am.Sub.H.B. No. 197, Section 22(A) and (B).  The tolling expired on July 30, 2020.  *See* Section 22(C) of 2020 Am.Sub.H.B. No. 197.

{¶5} Spehar contends that the special master erred because, according to Spehar, OOD wrongfully withheld public records from him.  Spehar also disputes the recommended apportionment of court costs.

{¶6} The special master states in the R&R: "The court's order of April 2, 2020 required Spehar to '3. List the specific remaining responsive records that respondent has failed to produce.' * * * Spehar's response is specific and clear as to the remaining responsive records sought. He lists only the 12-21-18 Position Statement, and Exhibit 8 from the 9-24-19 Position Statement, as remaining at issue. Because all the records thus specified have now been provided, Spehar's remaining claims for production of records are moot." (R&R, 4-5.)  Notably, Spehar concedes that, when he responded to an order by the special master, he neglected to identify that certain public records were missing.  Spehar's contention that the special master erred is not well taken.

{¶7} Spehar maintains that, "when a citizen has to file a public records case to obtain improperly denied public records, which are then released to him during the case the citizen should not be held liable for any court costs to obtain the improperly held and then released public records."  Ordinarily, a party who prevails in a civil lawsuit is entitled to recover court costs. *Vossman v. Airnet Sys., Inc.*, Slip Op. No. 2020-Ohio-872, ¶ 1.  *See* Civ.R. 54(D).  The subject of costs "is one entirely of statutory allowance and control." *State ex rel. Michaels v. Morse*, 165 Ohio St. 599, 607, 138 N.E.2d 660 (1956).  *See* R.C. 2743.75(F)(3)(a) and (b) (remedies for an aggrieved requester who prevails in a public-records dispute under R.C. 2743.75).  Here, Spehar's claims were determined by the special master to have been rendered moot.  Additionally, the special master offered an alternative recommendation. Spehar's contention that he should not be required to pay a portion of court costs is not well taken since Spehar did not prevail in this civil lawsuit.

**B. OOD's Objections**

{¶8} OOD objects to a "limited extent" to the R&R.  Specifically, OOD challenges the special master's reasoning that several of the exhibits attached to a Position Statement of September 24, 2019 are public records, even when they are placed in the file of an attorney preparing for trial.  (R&R, 6-7.)  OOD asserts: "A public records request for a position statement and the compiled exhibits are *collectively* trial preparation records."

{¶9} The court finds that OOD's limited objection has merit.  When in anticipation of a legal proceeding an attorney strategically assembles necessary documents— including a document that may be construed to be a public record—such an assemblage of documents incorporates the attorney's thought processes and personal trial preparation which, in turn, constitutes a "trial preparation record" for purposes of R.C. 149.43.  *See* R.C. 149.43(A)(4) (defining "trial preparation record" as "any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney").  Under R.C. 149.43(B), such a "trial preparation record" is not required to be provided by a public office or person responsible for public records because such a document is not a public record.  *See* R.C. 149.43(A)(1)(g) (a public record does not include "trial preparation records").

{¶10} Moreover, a document that incorporates an attorney's thought processes, such as a "trial preparation record," may be protected by the work-product doctrine. *See Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 55 (work-product doctrine provides a qualified privilege).  The court does not adopt the special master's analysis and conclusion that OOD failed to meet its burden to show that certain documents fell squarely within the definition of "trial preparation record."

{¶11} The special master offered the disputed trial-preparation-record analysis in the context of an alternative recommendation.  OOD does not appear to challenge the

special master's primary determination that Spehar's claims have been rendered moot. Neither does OOD take issue with the special master's recommended apportionment of court costs.

{¶12} Upon review, the court finds that OOD's limited challenge to the R&R is well taken and that the special master's trial-preparation-record analysis should be modified. The court does not, however, disturb the special master's recommendation that court costs should be assessed equally between the parties.

### III. Conclusion

{¶13} The court OVERRULES Spehar's objections and SUSTAINS OOD's objections. The court modifies the special master's R&R of June 30, 2020, as set forth herein. Judgment is rendered in favor of OOD. Court costs are assessed equally between Spehar and OOD in accordance with the special master's recommendation. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

**Filed August 11, 2020**
**Sent to S.C. Reporter 10/12/20**